George A. ARNOLD, Plaintiff-Appellee,

v.

**FIRESTONE TIRE AND RUBBER CO. and The Travelers Insurance Co., Defendant-Appellants.**

Supreme Court of Tennessee, at Jackson.

Dec. 31, 1984.

Edward F. Butler, Memphis, for plaintiff-appellee.

William W. Dunlap, Jr., Joseph K. Willcox, Memphis, for defendants-appellants.

## OPINION

DROWOTA, Justice.

In this worker's compensation case, Plaintiff seeks compensation for disability from an occupational disease that allegedly arose out of and in the course of employment. There are two principal issues in this case: (1) Whether the Plaintiff's underlying condition, allergic asthma and bronchitis, arose out of and in the course of employment; and (2) whether there was any aggravation of the underlying condition that is compensable under the occupational disease sections of the Worker's Compensation Act.

At trial[1] it was concluded that the Plaintiff's underlying condition did not arise out of and in the course of employment but was attributed to Plaintiff's history of smoking. However, the trial judge found that the proof established that the Plaintiff's condition was aggravated by inhalation of various substances at the Firestone Plant. Our primary task on appeal is to determine if there is any material evidence to support each of the findings by the trial court. T.C.A. § 50-6-225(e).

The Plaintiff was employed at the Firestone Tire and Rubber Plant in Memphis from September 30, 1940, until June 10, 1978. It is undisputed that the Plaintiff has smoked from one and one-half to two packs of cigarettes since he was fifteen years old (he was sixty years of age at the time of trial in September, 1982). Beginning in 1973, the Plaintiff began to suffer coughing, wheezing and shortness of breath. These attacks originally began at home but it is not clear when they began to occur at work. At trial Plaintiff testified that he had coughing spasms at the plant prior to 1978. A witness for Plaintiff corroborated his story.

Plaintiff alleges in his complaint that conditions at the Firestone Plant precipitated his bronchitis. He alleged that conditions at the plant had remained the same during his employment, although other employees testified that conditions had improved dramatically.

The Plaintiff first saw a doctor in regard to his coughing on March 15, 1978. Dr. Robbins told the Plaintiff that he should stop smoking but Plaintiff was unable to do so. A series of pulmonary function

---

1. For reasons this Court cannot understand, this case was tried together with the case of *Robertson v. Firestone et al.*, which was also appealed to this Court. The Defendants were the same in both cases but few other similarities were present. The proof in each case was quite different. In our opinion the decision to try these cases together was most ill-advised. The trial judge's decision has made appellate review of each case unnecessarily complicated in that we have been forced to sort out piece by piece the proof that applies to each individual case.

studies were conducted on Plaintiff in May of 1978 and the Plaintiff was considered normal for a person of his age and smoking history. Shortly after these studies, Plaintiff terminated his employment with Firestone. On June 26, 1978, Dr. Taylor, an allergy specialist, performed an "allergy survey" on Plaintiff and found him to be allergic to house dust, animal dander, trees, and grass and weed pollen. Dr. Taylor concluded that the Plaintiff was permanently disabled. Plaintiff told the doctor he was exposed to pollutants at the plant and the doctor concluded these pollutants "may well exacerbate his condition and that it would be detrimental to his health" to continue to work in the plant. Dr. Taylor's knowledge of the conditions at Firestone was admittedly second-hand as he did not personally visit the plant. On August 31, 1978, the Plaintiff visited Dr. Reaves at the request of Firestone. Dr. Reaves found the Plaintiff to be totally disabled as a result of his bronchitis which he attributed to Plaintiff's smoking. He did not believe Plaintiff's condition was caused by conditions in the Firestone plant.

During trial of the case, Defendants called Dr. Mariencheck, a Memphis pulmonary specialist, who had never personally examined Plaintiff but who had studied his medical records. He testified that smoking would be the major cause of chronic bronchitis. He also testified that industrial exposure at the plant "could bring about either a temporary or permanent exacerbation." He further testified that Plaintiff's pulmonary functions were minimally abnormal which was common for individuals with a history of smoking.

After leaving the plant, Plaintiff allegedly began to take allergy shots and his condition improved. When he cut back on the medication, he began to suffer more difficulty with coughing. In 1981 he was admitted to St. Francis Hospital after complaining of coughing up blood.

On the basis of the evidence in this case, the trial judge concluded that Plaintiff's condition was not caused by conditions at the plant but by Plaintiff's history of smok-ing. She also concluded that the initial asthma was a pre-existing condition with the Plaintiff. There is abundant medical evidence to support these findings.

Although the Plaintiff did not initially plead aggravation of an existing condition, the trial judge allowed the Plaintiff to amend his complaint in order to conform the pleadings to the proof, several witnesses having testified regarding aggravation. The trial judge determined that the Plaintiff had a "pre-existing, non-work related condition consisting of bronchitis and asthma which was aggravated by conditions arising out of his employment with the defendant ..., and, as a result ... is now permanently and totally disabled."

The general rule is that an employer takes an employee as he finds him or her and is liable under the Worker's Compensation Act for disabilities which are the result of the activation or aggravation of a pre-existing weakness, condition or disease brought about by the occupation. *Lambert v. Travelers Insurance Co.,* 626 S.W.2d 265 (Tenn.1981); *Brooks v. Gilman Paint Co.,* 208 Tenn. 595, 347 S.W.2d 665 (1961). However, there can be no recovery for aggravation of an occupational disease which preexisted the current employment. *American Insurance Co. v. Ison,* 519 S.W.2d 778 (Tenn.1975).

The case at bar does not fit precisely into either of these established rules of law. Plaintiff's underlying condition, asthma and bronchitis, was not caused by his employment but it cannot be said to have arisen prior to employment with Defendant because Plaintiff worked for Defendant for almost 40 years. Therefore we believe that Defendant's reliance on cases like *Ison, supra,* is misplaced. Plaintiff's condition did not predate his employment with Defendant.

We believe Plaintiff's condition was developed during his employment with Firestone but that it did not arise out of or in the course of his employment. The medical experts who testified were unanimous in their diagnosis of smoking as the

underlying cause of Mr. Arnold's difficulty. That being the case, we believe that recovery ought to be available for aggravation of Plaintiff's condition. In *Stratton-Warren Hardware v. Parker*, 557 S.W.2d 494 (Tenn.1977), we affirmed the trial court's finding that dust and other work factors were causally related to Plaintiff's emphysema and fibrosis, although chronic asthma and smoking would also contribute to the disease. Although in the case at bar the Plaintiff's condition was not caused solely by his employment, that distinction is not dispositive of the case. The trial judge specifically found that his *disability* was due to an occupational disease arising out of and in the course of employment. There is material evidence to support that finding. Therefore we feel that the case at bar falls within the general rule of liability for aggravation as set out in *Lambert, supra*, and *Gilman Paint Co., supra*. Plaintiff worked for Firestone for forty years and during that time contracted asthma and bronchitis. The proof establishes, we believe, that his illness was aggravated by the dust that he breathed at the plant over those forty years and that this aggravated his condition. Since we feel that the trial judge properly applied the law in this case and because there is material evidence to support the finding of aggravation, we must affirm the trial judge's conclusion.

■ Defendant also maintains that Plaintiff's condition was only temporary and that therefore the trial judge erred in awarding permanent disability benefits. This allegation is without merit. Defendant relies on the fact that after leaving Firestone and receiving medication the Plaintiff's condition improved. That is what we would expect to find in an aggravation case. The dust was aggravating Plaintiff's bronchitis so he left the plant. When the aggravation was no longer present, Plaintiff improved. This does not mean that Plaintiff was able to return to work at Firestone. In fact, medical experts so testified. We believe the trial judge was correct in finding the Plaintiff totally disabled.

We find that there is material evidence to support the findings of the trial judge. The judgment is accordingly affirmed, with costs on appeal taxed to the Defendants-Appellants.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.